UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SHELLEY T. KUJAT,

    Plaintiff,
vs.                                             Case No.
                                                                 Hon.
HARBOR FREIGHT TOOLS USA, INC.,
a foreign corporation; and
CHICAGO ELECTRIC SALES, INC.,
a foreign corporation,

    Defendants.
_____/
JOHN A. ZICK (P34305)
Attorney for Plaintiff
34705 W. Twelve Mile Road
Suite 311
Farmington Hills, MI 48331
(248) 489-1447
jzick@mcleodusa.net
_____/

**COMPLAINT AND JURY DEMAND**

    Shelley T. Kujat, through counsel, John A. Zick, states the following Complaint against the defendants:

**Jurisdiction**

    1.  Shelley T. Kujat is a citizen of the state of Michigan, residing in Wayne County, Michigan.

    2.  Harbor Freight Tools USA, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business in the state of California.

    3.  Harbor Freight Tools USA, Inc. manufactures and sells power tools and equipment under the Central Machinery brand name.  Harbor Freight Tools USA, Inc. also operates retail

stores throughout the nation, including store no. 235 located at 34600 Warren Road; Westland, Michigan.

4. Chicago Electric Sales, Inc. is a corporation organized under the laws of the state of Illinois, with its principal place of business in the state of Illinois.

5. The defendants are subject to the jurisdiction of this Court by virtue of the provisions of M.C.L.A. 600.715.

6. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## Common Allegations

7. At a time prior to December 8, 2008, the defendants designed, manufactured, assembled, tested, inspected, distributed and sold an electric hoist, described as Chicago Electric Power Tools model 02954.

8. On December 8, 2008, at Harbor Freight store no. 235 in Westland, Michigan, the defendants sold the hoist to Shelley T. Kujat and Ronald J. Kujat, her husband.

9. The defendants represented on the hoist's packaging that the hoist had an "Auto Safety Stop," meaning a safety feature which would stop the spool from rotating inward when the cable spacing rack was deflected. This safety feature, when functioning, prevents the operator's hands from being drawn into the hoist.

2

10.  On June 18, 2009, in Wayne County, Michigan, Shelley T. Kujat was using the hoist to move some truck tires within an enclosed trailer.

11.  While Ms. Johnson was operating the hoist, it malfunctioned; specifically, the Auto Safety Stop failed to operate, with the result that Ms. Kujat's right hand was drawn into the hoist and was severely injured.

12.  As a direct and proximate result of the defects in the hoist, Ms. Kujat suffered hand injuries including, without limitation, multiple fractures and lacerations.  She experienced pain and suffering, disability, emotional distress and inconvenience.  She was compelled to undergo medical care, including surgery, the installation and subsequent removal of fixation pins, and therapy.

13.  As a further result of the defects in the hoist, Ms. Kujat sustained special damages including the cost of necessary medical care and other amounts.

### Count I - Statutory Products Liability

14.  The Plaintiff repeats the Common Allegations, the same as if set forth verbatim.

15.  The defects in the hoist include, without limitation, improper design, manufacture, assembly, testing and inspection of the Auto Safety Stop mechanism.

16. The defects in the hoist constitute "production defects" within the meaning of M.C.L.A. 600.2946.

17. At the time the hoist left the control of the defendants, it was not reasonably safe, i.e., a critical safety device, the Auto Safety Stop, was inoperative.

18. According to generally accepted production practices at the time the hoist left the defendants' control, a practical and technically feasible alternative production practice was available, which would have prevented the harm suffered by Ms. Kujat, without significantly impairing the usefulness or desirability of the hoist to users, and without creating equal or greater risk to others.

19. As a direct and proximate result of the defects in the hoist, Shelley T. Kujat sustained and claims the damages previously set forth.

WHEREFORE, Shelley T. Kujat demands judgment against the defendants for that sum in excess of $75,000 which is justified by the evidence brought forth at trial, together with costs, interest and attorney fees.

### Count II - Negligence

20. The Plaintiff repeats the Common Allegations and the allegations of Count I.

21. At all relevant times, the defendants had a duty of reasonable care in the design, manufacture, assembly, testing,

distribution and sale of the hoist.

22. The defendants breached this duty by negligently designing, manufacturing, assembling, testing, inspecting, distributing and selling this hoist which had a defective safety stop.

23. As a direct and proximate result of the negligence of the defendants, Shelley T. Kujat sustained and claims the damages previously set forth.

WHEREFORE, Shelley T. Kujat demands judgment against the defendants for that sum in excess of $75,000 which is justified by the evidence brought forth at trial, together with costs, interest and attorney fees.

### Count III - Breach of Warranties

24. The Plaintiff repeats the Common Allegations and the allegations of Counts I and II.

25. In connection with their design, manufacture, assembly, testing, inspection, distribution and sale of the hoist, the defendants breached the warranty implied by the common law of the state of Michigan; i.e., the hoist was not reasonably suitable for its intended purpose because a critical safety device, the Auto Safety Stop, was inoperative.

26. In connection with their design, manufacture, assembly, testing, inspection, distribution and sale of the hoist, the defendants breached the warranty implied by M.C.L.A. 440.2314,

i.e., the hoist was not "mechantable" because, given the defective safety device, the hoist was not fit for the ordinary purposes for which hoists are used.

27. In connection with their distribution and sale of the hoist, the defendants provided on the packaging the following statement:

> **INCLUDES**
> **AUTO SAFETY STOP**
> **AIRCRAFT CABLE**
> **HIGH CARBON STEEL SPOOL**

28. This description of the hoist was part of the basis of the bargain between the parties, thus creating an express warranty that the hoist conformed to the description. M.C.L.A. 440.2313.

29. The defendants breached this express warranty, in that the hoist did not include the Auto Safety Stop; rather, this safety function was inoperative, resulting in the injuries to Ms. Kujat.

30. Pleading in the alternative pursuant to Fed. R. Civ. Pro. 8(d), Ms. Kujat is a third-party beneficiary of this express warranty, M.C.L.A. 440.2318.

31. As a direct and proximate result of the defendants' breaches of warranties, Ms. Kujat sustained and claims the damages previously set forth. Further, Ms. Kujat claims consequential damages including costs and actual attorney fees, M.C.L.A. 440.2715.

WHEREFORE, Shelley T. Kujat demands judgment against the defendants for that sum in excess of $75,000 which is justified by the evidence brought forth at trial, together with costs, interest and attorney fees.

### Count IV - Michigan Consumer Protection Act

32. The Plaintiff repeats the Common Allegations and the allegations of Counts I, II and III.

33. The defendants' breaches of warranties as previously set forth constitute a violation of M.C.L.A. 445.903(y), in that the defendants failed to provide the promised benefits in connection with the transaction at issue, i.e., the sale of the hoist.

34. As a person who has suffered loss as a result of the defendants' violation of the Michigan Consumer Protection Act, Shelley T. Kujat is entitled to and claims actual damages or $250, whichever is greater, together with reasonable attorneys' fees. M.C.L.A. 445.911.

WHEREFORE, Shelley T. Kujat demands judgment against the defendants for that sum in excess of $75,000 which is justified by the evidence brought forth at trial, together with costs, interest and attorney fees.

```
                              /s/John A. Zick
                              JOHN A. ZICK (P34305)
                              Attorney for Plaintiff
                              34705 W. 12 Mile Road
                              Suite 311
                              Farmington Hills, MI 48331
```

```
                                  (248) 489-1447
                                  jzick@mcleodusa.net
```

Dated: October 23, 2009


## JURY DEMAND

The Plaintiff demands a trial by jury.

```
                                  /s/John A. Zick
                                  JOHN A. ZICK (P34305)
                                  Attorney for Plaintiff
                                  34705 W. 12 Mile Road
                                  Suite 311
                                  Farmington Hills, MI 48331
                                  (248) 489-1447
                                  jzick@mcleodusa.net
```

Dated: October 23, 2009