UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLEY T. KUJAT,

      Plaintiff,

v.

HARBOR FREIGHT TOOLS USA, INC.,

      Defendant.

_____/

Case No. 09-cv-14183

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE
COMPLAINT** (docket no. 14) **AND CONDITIONALLY GRANTING, IN PART,
DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER** (docket no. 15)

      This is a products liability action in which Plaintiff has sued Defendant for breach of

an express warranty and violation of the Michigan Consumer Protection Act, Mich. Comp.

Laws § 445.901, *et seq.* Before the close of the time for seeking leave to amend the

complaint, Plaintiff filed a motion for leave to file an amended complaint to add an additional

defendant and remove certain other previously asserted claims. Defendant does not

oppose leave to amend but requests that any leave be conditioned on: 1) extending the

dates in the scheduling order by 120 days; and 2) requiring Plaintiff to re-plead Count II

(Michigan Consumer Protection Act) to comply with Fed. R. Civ. P. 9(b). Defendant has

also moved separately to amend the scheduling order, seemingly on behalf of the to-be-

added co-defendant, because the claims against the new defendant will require discovery

and because the time for answering the complaint will fall outside the time for discovery.

For the reasons stated below, the Court will grant Plaintiff's motion for leave to amend, and

conditionally grant, in part, Defendant's motion to amend the scheduling order.

**DISCUSSION**

I. <u>Leave to Amend</u>

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be granted when justice so requires. The case law in the Sixth Circuit "manifests liberality in allowing amendments to a complaint." *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (internal quotation marks omitted). There are certain situations, however, in which it is appropriate to deny leave to amend, such as where there is undue delay in seeking leave, a lack of notice or undue prejudice to the nonmoving party, bad faith by the moving party, or where the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001). While delay by itself is not sufficient to deny leave to amend, when amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier. *Wade*, 259 F.3d at 459.

Plaintiff seeks to add Central Purchasing, LLC as a co-defendant and remove two claims originally pleaded in the initial complaint. It asserts that it has not delayed in seeking leave to amend because the facts giving rise to the claim against Central Purchasing were discovered just recently. On July 12, 2010, Defendant served on Plaintiff discovery responses indicating that Central Purchasing is likely the parent company of Defendant and is an entity in the chain of distribution of the product that ultimately injured Plaintiff. Upon receiving this discovery response, Plaintiff immediately sought concurrence in the relief sought (which was not received) and two weeks later, on July 26, 2010, filed its motion for leave to amend. The Court agrees that there has been no undue delay in seeking leave and that Plaintiff has adequately justified its failure to seek leave earlier. Moreover, Defendant has not alleged any prejudice that it would incur if Plaintiff were granted leave

to amend, not does Defendant assert that Plaintiff has engaged in any bad faith gamesmanship. Finally, it does not plainly appear that the claim again Central Purchasing would fail in the face of a Rule 12(b)(6) motion to dismiss, so the proposed amendment would not be futile. *See Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (amendment is futile if it would not survive Rule 12(b)(6) motion).

The Court will grant Plaintiff leave to amend to add Central Purchasing, LLC as a defendant, with the following proviso. The Court has reviewed the proposed amended complaint and notes that Plaintiff does not properly allege Central Purchasing's citizenship for purposes of diversity jurisdiction, the only basis for subject matter jurisdiction in this case. Subject matter jurisdiction must be present throughout the entire case.[1] *See* Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action). Central Purchasing is a limited liability company, which, for purposes of diversity jurisdiction, is deemed a citizen the states of which its members are citizens. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). This rule applies to any "sub-members" as well. *Id.* Plaintiff does not allege the citizenship of each and every member of Central Purchasing, thereby

---

[1] The Supreme Court's decision in *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426 (1991) (per curiam) does not alter this conclusion. In *Freeport*, the Court determined that the substitution of the original defendant for another, nondiverse defendant under Rule 25 of the Federal Rules of Civil Procedure did not destroy diversity jurisdiction. Despite the Court's broad statement that "we have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events," *id.* at 428, "[the] circuits have ... held that *Freeport-McMoRan* is limited to the substitution of parties under Rule 25" and does not apply to the *addition* of new parties. *See Estate of Alvarez v. Donaldson Co.*, 213 F.3d 993, 995 (7th Cir. 2000) (citing decisions of the First, Fifth, Eleventh and District of Columbia circuits). Though the Sixth Circuit has not directly addressed whether *Freeport* should be read broadly, the decisions of other circuits reading it narrowly are persuasive. Accordingly, the addition of Central Purchasing as a new defendant, were it not diverse from Plaintiff, would destroy diversity and require immediate dismissal of the action.

preventing the Court from determining whether the addition of Central Purchasing as a defendant would destroy complete diversity. *See Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005). In the event the amended complaint fails to make these jurisdictional allegations, the Court will order Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction.

Finally, Defendant asks that in the event the Court grants leave to amend, that it do so on the condition that Plaintiff be required to re-plead its claim of violation of the Michigan Consumer Protection Act and that it be granted an extension of the dates in the scheduling order.[2] Defendant asserts that the claim is essentially a fraud claim that must be pleaded with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Defendant's challenge is procedurally improper. A party cannot raise in a response brief what is essentially a Rule 12(b)(6) motion to dismiss or Rule 12(e) motion for a more definite statement. If Defendant is serious about the challenge -- which the Court presumes at this point it is not -- it should raise the issue in the appropriate motion. Should Defendant file such a motion, it should be prepared to demonstrate why the challenge has not been waived. The allegations with respect to the Michigan Consumer Protection Act count set forth in the proposed first amended complaint are identical to those set forth in the original complaint. Accordingly, it would seem that Defendant, by not raising the Rule 9(b) challenge earlier, has waived any challenge it might have had. *See Davsko v. Golden Harvest Prods., Inc.*, 965 F. Supp. 1467, 1474 (D. Kan. 1997) ("A rule 9(b) objection is waived unless made as a separate motion prior to or concurrent with the filing of a responsive pleading."). The purpose of the heightened pleading standard is to assure that

---

[2] The Court addresses the extension request in the next section.

defendants are apprised of the allegations against them in sufficient detail to frame an adequate responsive pleading. *See Todaro v. Orbit Int'l Travel, Ltd.*, 755 F. Supp. 1229, 1234 (S.D.N.Y. 1991). Since Defendant has already answered the complaint, it apparently had enough information from the allegations to form an answer, and any objection to the sufficiency of the pleaded allegations is now waived. The Court will not condition its grant of leave to amend on Plaintiff re-pleading the Michigan Consumer Protection Act claim.

II. Amendment of the Scheduling Order

Seemingly on behalf of the to-be-added defendant -- perhaps because the new defendant will be represented by the same counsel as the companies are apparently related -- Defendant asks that the Court to amend the scheduling order and extend all dates by 120 days. Defendant asserts that it would be unfair to allow Central Purchasing to be added as a party and be required to answer the complaint after the discovery deadline. This would effectively prevent Central Purchasing from conducting any discovery. Plaintiff concurs in the motion.

The Court will conditionally grant Defendant's motion, in part, and permit a 45-day extension. Fed. R. Civ. P. 16(b)(4) provides that a schedule may be modified only for good cause and with the judge's consent. A court choosing to modify the schedule upon a showing of good cause may do so if the current schedule cannot reasonably be met despite the diligence of the party seeking the extension. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). As stated above, the Court finds that Plaintiff has been diligent in its efforts in this case, and even though Plaintiff is not the party seeking the extension, enlargement of the discovery cut-off is required because of Plaintiff's potential addition of a new party that presumably needs to conduct some discovery on the claims against it. The amendment of the scheduling order will be conditional upon Plaintiff actually adding Central

Purchasing as a defendant. If Central Purchasing is not diverse from Plaintiff and is therefore not added as a defendant, the Court will not permit extension, and the dates in the original scheduling order will remain. The Court will not grant an extension of 120 days as Defendant requests. It seems that any remaining discovery will relate only to the claims asserted against Central Purchasing, which should be very similar to those asserted against Defendant. Permitting an additional 45 days should be sufficient given that a substantial portion of discovery has already occurred.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that Plaintiff's motion for leave to amend the complaint (docket no. 14) is **GRANTED.** Plaintiff shall file its first amended complaint within four (4) days.

**IT IS FURTHER ORDERED** that Defendant's motion to extend the scheduling order dates (docket no. 15) is **CONDITIONALLY GRANTED in part**. In the event Plaintiff files its amended complaint adding Central Purchasing, the Court will issue an amended scheduling order that extends the discovery cut-off by 45 days and all remaining dates accordingly.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2010, by electronic and/or ordinary mail.

Andrea Teets
Deputy Clerk